# Exhibit A



March 6, 2023

**Via Certified Mail**
ClassPass Inc.
Legal Department
101 E. Front Street, 5th Floor
Missoula, MT 59802

Re:     *Chabolla v. ClassPass Inc.*

Dear ClassPass Legal Department,

　　Our firm represents Plaintiff Katherine Chabolla, who purchased a ClassPass trial subscription in California through the classpass.com website on January 30, 2020 and was thereafter charged by ClassPass for approximately eighteen months of an automatically renewing ClassPass subscription which Ms. Chabolla neither desired nor authorized. In doing so, ClassPass failed to comply with California's legal requirements applicable to auto-renewals.

　　Ms. Chabolla and other similarly situated ClassPass customers in California allege that ClassPass's practices in charging California consumers for auto-renewing subscriptions for products or services in connection with a purchase made via classpass.com have violated and continue to violate the California Consumers Legal Remedies Act ("CLRA"), CAL. CIV. CODE § 1770, subdivisions (a)(5), (a)(9), (a)(14) and (a)(16) by, *inter alia*, representing that ClassPass's goods and services have certain characteristics that they do not have; advertising goods and services with the intent not to sell them as advertised; representing that a transaction confers or involves rights, remedies, or obligations that it does not have or involve, or that are prohibited by law; and representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not.

　　ClassPass's violations of the CLRA relate to its failure to comply with the requirements of California's Automatic Purchase Renewal Law (the "ARL"), BUS. & PROF. CODE § 17600, *et seq.*, for charges for auto-renewing subscriptions in connection with purchases made via the ClassPass website. In particular, ClassPass's failures to comply with the ARL include at least the following independent violations:

　　a.　　ClassPass failed to present the terms of its automatic renewal or continuous service offer in a clear and conspicuous manner before fulfilling the subscription and in visual proximity to the request for consent to the offer, as required by BUS. & PROF. CODE § 17602(a)(1);

　　b.　　ClassPass charged Ms. Chabolla and other consumers' credit or debit cards, or the consumer's account with a third party, for an automatic renewal or continuous service without first obtaining the consumer's affirmative consent to the agreement

        containing the automatic renewal offer terms or continuous offer terms, as required by BUS. & PROF. CODE § 17602(a)(2);

c.    ClassPass failed to provide an acknowledgment that includes its cancellation policy and information regarding how to cancel as required by BUS. & PROF. CODE § 17602(a)(3);

d.    ClassPass failed to provide a "cost-effective, timely, and easy-to-use mechanism for cancelation," as required by BUS. & PROF. CODE § 17602(c);

e.    ClassPass required consumers to engage in steps to cancel that obstruct or delay the consumer's ability to terminate the automatic renewal or continuous service immediately, in violation of BUS. & PROF. CODE § 17602(d);

f.    ClassPass failed to offer either of the cancellation methods required under BUS. & PROF. CODE § 17602(d)(1)(A)–(B);

g.    ClassPass failed to provide clear and conspicuous notice of its material change to its existing automatic renewal or continuous service terms, as required by BUS. & PROF. CODE § 17602(e); and

h.    To the extent ClassPass provided any notice of its material change to its existing automatic renewal or continuous service terms, ClassPass failed to provide information regarding how to cancel, as required by BUS. & PROF. CODE § 17602(e).

The facts and circumstances surrounding Ms. Chabolla's experience were as follows:

On or around January 30, 2020, Ms. Chabolla visited Classpass's website (classpass.com) to enroll in a ClassPass trial. Ms. Chabolla chose a trial plan, added it to her online shopping cart on classpass.com, and began ClassPass's checkout process. Ms. Chabolla completed the ClassPass checkout process and authorized ClassPass to charge $39.00 to her payment card for the trial. ClassPass sent Ms. Chabolla a confirmation email that same day.

On March 17, 2020, ClassPass sent Ms. Chabolla an email with the subject line "Membership changes regarding COVID-19," informing Ms. Chabolla that ClassPass would suspend billing on her subscription sometime in "the next few days." On May 13, 2021, Ms. Chabolla received an email from ClassPass with the subject line "Important details about your ClassPass membership," that purported to notify Ms. Chabolla that after over one year of not charging her for ClassPass, ClassPass would resume billing in one week.

ClassPass later charged Ms. Chabolla $79 on a recurring, monthly basis for a ClassPass subscription, which totaled over $1,000 before she realized she was being charged.

ClassPass's enrollment process does not fulfill its obligations under California's Automatic Renewal Law, BUS. & PROF. CODE § 17602(a)(1), which required ClassPass to present the automatic renewal offer terms in a clear and conspicuous manner before the subscription or

purchasing agreement is fulfilled and to obtain affirmative consent to the offer. ClassPass's payment page failed to present those offer terms in a clear and conspicuous manner because, among other defects, the language is presented in gray, unitalicized, and non-underlined text of the same font, size, and color as nearby text. The payment page also contains much more prominent misleading statements, such as that ClassPass is only collecting payment information "for future reference," that far overshadow the already insufficient disclosure of terms. *See id*. § 17601(c). ClassPass's payment page further fails to include a description of the cancelation policy, instead stating only that Ms. Chabolla could "[c]ancel anytime in Settings." *See id.* § 17601(b)(2).

Likewise, the confirmation email sent to Ms. Chabolla failed to contain the required automatic renewal disclosures following purchase of an automatically renewing subscription, including that instead of describing how to cancel, the email only said Ms. Chabolla could "cancel at any time." *See id.* § 17602(a)(3).

Even had ClassPass provided sufficient disclosures regarding cancelation, its cancelation process also violates California's Automatic Renewal Law. Canceling a ClassPass subscription requires consumers to decipher a deliberately misleading, multi-step process that is neither timely nor easy-to-use. BUS. & PROF. CODE § 17602(c). ClassPass's cancelation process fails to meet this standard in many ways, including that ClassPass does not provide a direct link to the cancelation process, there is no button once consumers log in to their account that clearly states it will allow them to cancel their account, the cancelation option on the "Manage plan" landing page of ClassPass's website obscures and hides the option to cancel, consumers must click through multiple pages that do not indicate whether their account has been canceled, and finally, at the actual cancelation page, the option to cancel is deliberately much less prominent than the option to continue with the subscription. These steps all violate the Automatic Renewal Law's cancelation requirements. *See id.*

Furthermore, the May 13, 2021 email that purported to inform Ms. Chabolla that ClassPass would resume billing her unless she took action within 6 days, after over a year of pausing her subscription also violated California's Automatic Renewal Law. Because the billing resumption was a material change to Ms. Chabolla's automatic renewal service, ClassPass was required (and failed) to prove clear and conspicuous notice of the change, nor did ClassPass provide information regarding how to cancel the automatic renewal. *See id.* § 17602(e).

Pursuant to California Civil Code § 1782, we hereby demand on behalf of our client and all other similarly situated California consumers that ClassPass immediately correct and rectify its multiple violations of California Civil Code § 1770 by ceasing the unlawful acts as described herein. As part of any such correction and rectification, ClassPass must refund all fees and other charges collected as a result of any auto renewing subscriptions in connection with a purchase made via classpass.com from January 2020 to the present, plus reimbursement for interest, costs, and attorney's fees.

If a full and satisfactory response to this letter is not received by Plaintiff's Counsel within thirty (30) days from the date of this letter, we will take appropriate steps to assert claims for damages and restitution as authorized by the Consumers Legal Remedies Act.

    ClassPass must undertake all of the following actions to satisfy the requirements of California Civil Code § 1782(c):

1. Identify or make a reasonable attempt to identify all California consumers similarly situated;

2. Notify all consumers so identified that upon their request, ClassPass will offer an appropriate remedy for its wrongful conduct, which includes a full refund of the fees collected, plus interest, costs and attorney's fees;

3. Undertake (or promise to undertake within a reasonable time if it cannot be done immediately) the actions described above for all consumers who so request; and

4. Cease from engaging in its wrongful conduct as more fully described herein.

    Thank you for your attention to this matter. If you believe that any of the factual assertions contained in this letter are inaccurate or incomplete, please inform me of any such corrections or additions.

    Sincerely,

    /s/ J. Burkett McInturff
    J. Burkett McInturff

cc (via email):

Rob Bramson
Alan R. Plutzik
**BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER**, LLP
rbramson@bramsonplutzik.com
aplutzik@bramsonplutzik.com
2125 Oak Grove Road, Suite 125
Walnut Creek, California 94598
Telephone: (925) 945-0200
Facsimile: (925) 945-8792



March 6, 2023

**Via Certified Mail**
ClassPass Inc.
Legal Department
4051 Broad Street
San Luis Obispo, CA 93401

Re:     *Chabolla v. ClassPass Inc.*

Dear ClassPass Legal Department,

      Our firm represents Plaintiff Katherine Chabolla, who purchased a ClassPass trial subscription in California through the classpass.com website on January 30, 2020 and was thereafter charged by ClassPass for approximately eighteen months of an automatically renewing ClassPass subscription which Ms. Chabolla neither desired nor authorized. In doing so, ClassPass failed to comply with California's legal requirements applicable to auto-renewals.

      Ms. Chabolla and other similarly situated ClassPass customers in California allege that ClassPass's practices in charging California consumers for auto-renewing subscriptions for products or services in connection with a purchase made via classpass.com have violated and continue to violate the California Consumers Legal Remedies Act ("CLRA"), CAL. CIV. CODE § 1770, subdivisions (a)(5), (a)(9), (a)(14) and (a)(16) by, *inter alia*, representing that ClassPass's goods and services have certain characteristics that they do not have; advertising goods and services with the intent not to sell them as advertised; representing that a transaction confers or involves rights, remedies, or obligations that it does not have or involve, or that are prohibited by law; and representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not.

      ClassPass's violations of the CLRA relate to its failure to comply with the requirements of California's Automatic Purchase Renewal Law (the "ARL"), BUS. & PROF. CODE § 17600, *et seq.*, for charges for auto-renewing subscriptions in connection with purchases made via the ClassPass website. In particular, ClassPass's failures to comply with the ARL include at least the following independent violations:

    a.    ClassPass failed to present the terms of its automatic renewal or continuous service offer in a clear and conspicuous manner before fulfilling the subscription and in visual proximity to the request for consent to the offer, as required by BUS. & PROF. CODE § 17602(a)(1);

    b.    ClassPass charged Ms. Chabolla and other consumers' credit or debit cards, or the consumer's account with a third party, for an automatic renewal or continuous service without first obtaining the consumer's affirmative consent to the agreement

      containing the automatic renewal offer terms or continuous offer terms, as required by BUS. & PROF. CODE § 17602(a)(2);

c.    ClassPass failed to provide an acknowledgment that includes its cancellation policy and information regarding how to cancel as required by BUS. & PROF. CODE § 17602(a)(3);

d.    ClassPass failed to provide a "cost-effective, timely, and easy-to-use mechanism for cancelation," as required by BUS. & PROF. CODE § 17602(c);

e.    ClassPass required consumers to engage in steps to cancel that obstruct or delay the consumer's ability to terminate the automatic renewal or continuous service immediately, in violation of BUS. & PROF. CODE § 17602(d);

f.    ClassPass failed to offer either of the cancellation methods required under BUS. & PROF. CODE § 17602(d)(1)(A)–(B);

g.    ClassPass failed to provide clear and conspicuous notice of its material change to its existing automatic renewal or continuous service terms, as required by BUS. & PROF. CODE § 17602(e); and

h.    To the extent ClassPass provided any notice of its material change to its existing automatic renewal or continuous service terms, ClassPass failed to provide information regarding how to cancel, as required by BUS. & PROF. CODE § 17602(e).

    The facts and circumstances surrounding Ms. Chabolla's experience were as follows:

    On or around January 30, 2020, Ms. Chabolla visited Classpass's website (classpass.com) to enroll in a ClassPass trial. Ms. Chabolla chose a trial plan, added it to her online shopping cart on classpass.com, and began ClassPass's checkout process. Ms. Chabolla completed the ClassPass checkout process and authorized ClassPass to charge $39.00 to her payment card for the trial. ClassPass sent Ms. Chabolla a confirmation email that same day.

    On March 17, 2020, ClassPass sent Ms. Chabolla an email with the subject line "Membership changes regarding COVID-19," informing Ms. Chabolla that ClassPass would suspend billing on her subscription sometime in "the next few days." On May 13, 2021, Ms. Chabolla received an email from ClassPass with the subject line "Important details about your ClassPass membership," that purported to notify Ms. Chabolla that after over one year of not charging her for ClassPass, ClassPass would resume billing in one week.

    ClassPass later charged Ms. Chabolla $79 on a recurring, monthly basis for a ClassPass subscription, which totaled over $1,000 before she realized she was being charged.

    ClassPass's enrollment process does not fulfill its obligations under California's Automatic Renewal Law, BUS. & PROF. CODE § 17602(a)(1), which required ClassPass to present the automatic renewal offer terms in a clear and conspicuous manner before the subscription or

purchasing agreement is fulfilled and to obtain affirmative consent to the offer. ClassPass's payment page failed to present those offer terms in a clear and conspicuous manner because, among other defects, the language is presented in gray, unitalicized, and non-underlined text of the same font, size, and color as nearby text. The payment page also contains much more prominent misleading statements, such as that ClassPass is only collecting payment information "for future reference," that far overshadow the already insufficient disclosure of terms. *See id*. § 17601(c). ClassPass's payment page further fails to include a description of the cancelation policy, instead stating only that Ms. Chabolla could "[c]ancel anytime in Settings." *See id.* § 17601(b)(2).

Likewise, the confirmation email sent to Ms. Chabolla failed to contain the required automatic renewal disclosures following purchase of an automatically renewing subscription, including that instead of describing how to cancel, the email only said Ms. Chabolla could "cancel at any time." *See id.* § 17602(a)(3).

Even had ClassPass provided sufficient disclosures regarding cancelation, its cancelation process also violates California's Automatic Renewal Law. Canceling a ClassPass subscription requires consumers to decipher a deliberately misleading, multi-step process that is neither timely nor easy-to-use. BUS. & PROF. CODE § 17602(c). ClassPass's cancelation process fails to meet this standard in many ways, including that ClassPass does not provide a direct link to the cancelation process, there is no button once consumers log in to their account that clearly states it will allow them to cancel their account, the cancelation option on the "Manage plan" landing page of ClassPass's website obscures and hides the option to cancel, consumers must click through multiple pages that do not indicate whether their account has been canceled, and finally, at the actual cancelation page, the option to cancel is deliberately much less prominent than the option to continue with the subscription. These steps all violate the Automatic Renewal Law's cancelation requirements. *See id.*

Furthermore, the May 13, 2021 email that purported to inform Ms. Chabolla that ClassPass would resume billing her unless she took action within 6 days, after over a year of pausing her subscription also violated California's Automatic Renewal Law. Because the billing resumption was a material change to Ms. Chabolla's automatic renewal service, ClassPass was required (and failed) to prove clear and conspicuous notice of the change, nor did ClassPass provide information regarding how to cancel the automatic renewal. *See id.* § 17602(e).

Pursuant to California Civil Code § 1782, we hereby demand on behalf of our client and all other similarly situated California consumers that ClassPass immediately correct and rectify its multiple violations of California Civil Code § 1770 by ceasing the unlawful acts as described herein. As part of any such correction and rectification, ClassPass must refund all fees and other charges collected as a result of any auto renewing subscriptions in connection with a purchase made via classpass.com from January 2020 to the present, plus reimbursement for interest, costs, and attorney's fees.

If a full and satisfactory response to this letter is not received by Plaintiff's Counsel within thirty (30) days from the date of this letter, we will take appropriate steps to assert claims for damages and restitution as authorized by the Consumers Legal Remedies Act.

ClassPass must undertake all of the following actions to satisfy the requirements of California Civil Code § 1782(c):

1. Identify or make a reasonable attempt to identify all California consumers similarly situated;

2. Notify all consumers so identified that upon their request, ClassPass will offer an appropriate remedy for its wrongful conduct, which includes a full refund of the fees collected, plus interest, costs and attorney's fees;

3. Undertake (or promise to undertake within a reasonable time if it cannot be done immediately) the actions described above for all consumers who so request; and

4. Cease from engaging in its wrongful conduct as more fully described herein.

Thank you for your attention to this matter. If you believe that any of the factual assertions contained in this letter are inaccurate or incomplete, please inform me of any such corrections or additions.

Sincerely,

/s/ J. Burkett McInturff
J. Burkett McInturff

cc (via email):

Rob Bramson
Alan R. Plutzik
**BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER**, LLP
rbramson@bramsonplutzik.com
aplutzik@bramsonplutzik.com
2125 Oak Grove Road, Suite 125
Walnut Creek, California 94598
Telephone: (925) 945-0200
Facsimile: (925) 945-8792